CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 29 2007

JOHN F. CORCORAN, CLERK
BY:
 DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| MANUEL RAUL REYO PENA GARCIA MONTERO, Petitioner, | Civil Action No. 7:07-cv-00562 |
| v. | MEMORANDUM OPINION |
| ALL AMERICAN PRESIDENTS, Respondent(s). | By: Hon. James C. Turk Senior United States District Judge |

Petitioner, a federal inmate proceeding pro se, brings this action, which the court construed and filed as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2241.[1] It is also conceivable that the claims might be an attempt to file a civil rights action against federal officials for violations of constitutional rights, pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Under either of these constructions, the court is of the opinion that the action should be summarily dismissed without prejudice for lack of jurisdiction.

Petitioner is incarcerated at the United States Penitentiary in Terre Haute, Indiana. He presents his current claims on a form entitled "Pro Se Appellant's Brief," but appears to be making new claims rather than appealing the court's dismissal of his previously filed civil action, Case No. 7:07CV00461. In this new case, petitioner sets forth nonsensical phrases and numbers, appearing to claim that his custody by federal authorities is unlawful because of some problem with the United States electoral college. In the section of the form asking about the facts of his case, he states,

---

[1] Petitioner filed a previous and highly similar petition on a form designed for use in bringing a § 2241 petition. As petitioner presents the same type of nonsensical claims concerning his incarceration and other random matters, the court construed and filed this new petition as another § 2241 petition.

1

verbatim: "UnConstitutional Custody of the United States Government's by Pres Mr. George Bush." Asked about the action he wishes the court to take, he states, verbatim: "Inmediate ORDER of Constitutional Injuction to Pres Bush et, CHUSEN OF ELECTORS Transfer of All Gov Operations's. To the Several American's,/State."

Generally, a prisoner seeking to vacate his conviction or sentence must file a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255, in the court where he was convicted and sentenced. See 28 U.S.C. § 2255 para. 1. On the contrary, a prisoner may seek judicial review of his confinement under 28 U.S.C. § 2241 only in the district court with jurisdiction over the facility in which he is confined. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000).

Petitioner in this case is not confined within the jurisdiction of this court and was not sentenced by this court. If petitioner actually has some claims concerning the lawfulness of his detention or the execution of his sentence that are actionable under § 2241, he may submit such a petition to the United States District Court in Indiana with jurisdiction over the prison where he is currently housed. If he wishes to challenge the lawfulness of his criminal conviction or sentence, he may pursue a § 2255 motion in the court in which he was sentenced. This court, however, must dismiss his current petition without prejudice for lack of jurisdiction over either of these habeas claims. Furthermore, petitioner states no basis for this court's jurisdiction over his person, the persons of the defendants ("All American Presidents"), or over the nonsensical "claims" set forth here, and the court finds none. Therefore, the court finds that his claims, whether characterized as habeas claims or civil rights claims, are "so patently without merit as to justify . . . the court's dismissal for want of jurisdiction." Hagans v. Lavine, 415 U.S. 528, 542-43 (1974). A final order shall be issued this day.

2

The Clerk of the Court is directed to send copies of this memorandum opinion and final order to petitioner.

ENTER: This 29th day of November, 2007.

/s/ James C. Turk
Senior United States District Judge